## ABRAMS *v.* HOWARD, ADMINISTRATOR, ETC.

THE declaration of a married woman as sole trader, which states that the business she intends to carry on will be the business of buying and selling goods, wares, and merchandise, describes the business to be carried on with sufficient particularity.

The affidavit of publication of the declaration of a sole trader, which states that the publication was made "once a week for three weeks, viz.: from April 26th, to May 20th, 1861," is sufficient to show that the publication was made for three successive weeks.

A and B, married women, as sole traders, each had suits pending against C, a Sheriff, for seizing on execution their personal property. A's suit was tried first, and it was stipulated that B's suit should abide the event of A's. On the trial of A's suit, she offered as a witness, the husband of B : *held*, that the legal interest of the witness was averse to the party calling him, and that he was a competent witness.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*John R. Jarboe*, for Appellant, cited *Adams* v. *Knowlton* (22 Cal.), on the deficiency of the declaration; also, cited 1 Phillips on Ev. 90, and 1 Greenl. on Ev. 341.

*Pratt & Clarke*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The respondent moves to dismiss the appeals in these cases, on

Abrams *v.* Howard.

the following grounds: 1st, because the transcript contains no assignment of errors; 2d, because there is no statement on appeal; 3d, because it does not show that the appellant filed an undertaking on appeal, within five days after the notice of appeal was filed. The appellant has filed his assignments of error in this Court, which is all that is requisite. There is a statement on motion for new trial which answers the purpose of a statement on appeal. But if it did not, the absence of a statement on appeal is no ground for dismissing the appeal. The appellant has filed a certified copy of the undertaking on appeal, which shows that it was filed two days after filing the notice of appeal. The motion to dismiss the appeal is therefore denied.

These actions were brought by the plaintiffs, married women, claiming to be sole traders, to recover the possession of certain personal property, against the defendant's intestate, former Sheriff of San Francisco, who had levied an execution thereon, as the property of the plaintiffs' husbands, who had formerly been engaged in business, under the style of "Abrams & Bro." At the trial, the plaintiff offered in evidence her declaration as sole trader, to which the defendant objected that it was insufficient, not being made in compliance with the Sole Trader Act. The declaration states as follows: that it is " my intention to carry on and transact business on my own account and in my own name as sole trader, in pursuance of an act of the Legislature of the State of California, entitled 'An Act to authorize Married Women to transact Business in their own Name, as Sole Traders,' approved April 12th, 1852. And I further declare that the said business will be the buying and selling of goods, wares, and merchandise," etc. The objection is, that the description of the business to be carried on is not sufficiently specific. This objection is not well taken. The business of a general merchant, is described with sufficient particularity.

The affidavit of the publication of the declaration as sole trader was also objected to, because it did not state that the publication was made for three *successive* weeks, in the terms of the statute. The affidavit states that the publication was made " once a week for three weeks, viz.: from April 26th to May 20th, 1861." The affidavit is sufficient on this point. If the first publication was on

the twenty-sixth of April, the first week's publication ended May third; the second week, May 10th; and the third week, May 17th, which shows that they must have been successive weeks.

When the case of Henrietta Abrams was called for trial, the parties in the case of Helena Abrams agreed that the latter cause should abide the event of the former. In the trial of the former case, the plaintiff called as a witness Moses Abrams, the husband of the plaintiff in the latter suit, and the defendant objected that he was incompetent, on the ground that his testimony would inure directly to the benefit of his own wife under the stipulation. The Court overruled the objection, and this is assigned for error. The witness was not a party to either suit. His legal interest was adverse to the party calling him; because if she failed to maintain her action, the property would be applied in payment of his debt on the execution, and he was interested to have it so applied. The record of the judgment in this action would not be legal evidence for or against *the witness*, in the other action, for he was not a party to that action. The fact that his wife, a sole trader, was a party thereto, does not bring the case within the rule in Sec. 393 of the Practice Act. This assignment of error, therefore, is not well taken.

The judgment is affirmed.